# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-3873

_____

United States of America

*Plaintiff - Appellee*

v.

Joshua William Rankin

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Southern District of Iowa - Davenport

_____

Submitted: July 18, 2013
Filed: July 22, 2013
[Unpublished]

_____

Before SMITH, BOWMAN, and SHEPHERD, Circuit Judges.

_____

PER CURIAM.

Joshua Rankin appeals the 180-month sentence imposed by the District Court[1] after he pleaded guilty to drug-conspiracy and firearm charges. In a brief filed under

_____

[1]The Honorable Stephanie M. Rose, United States District Judge for the Southern District of Iowa.

<u>Anders v. California</u>, 386 U.S. 738 (1967), counsel argues that the District Court erred in declining to vary downward because of the sentencing disparity for offenses involving crack cocaine versus powder cocaine. Counsel also seeks to withdraw. In a pro se motion for new counsel, Rankin questions counsel's quality of representation.

The <u>Anders</u> brief argument fails. Based on sentencing factors under 18 U.S.C. § 3553(a), the court varied downward to the mandatory minimum sentence for each offense, <u>see</u> 21 U.S.C. § 841(b)(1)(A); 18 U.S.C. § 924(c)(1)(A); and having done so, the court lacked authority to vary downward further still, <u>see</u> <u>Kimbrough v. United States</u>, 552 U.S. 85, 102–03 (2007) (noting that discretion to consider sentencing disparity for crack cocaine versus powder cocaine is bracketed by statutory minimum and maximum). To the extent Rankin wishes to raise claims relating to the effectiveness of his counsel, he must do so in proceedings under 28 U.S.C. § 2255. <u>See</u> <u>United States v. McAdory</u>, 501 F.3d 868, 872–73 (8th Cir. 2007).

Having reviewed the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issues. Accordingly, we affirm. We also grant counsel's motion to withdraw, and we deny Rankin's motion for appointment of new counsel.

_____